**FILED**
**JUN 18 2008**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE LUIS OCHOA, #64218-175
    Plaintiff, Rivers Correctional Institution
    P.O. Box 630
    Winton, NC 27986

v.

U.S. DEPARTMENT OF HOMELAND SECURITY;
U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,
3801 Nebraska Avenue, N.W.
Washington, D.C. 20580,

    Defendant

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534

    Defendant

Case: 1:08-cv-01041
Assigned To : Sullivan, Emmet G.
Assign. Date : 6/18/2008
Description: FOIA/Privacy Act

    This is a "Civil Action Complaint" authorized by the "PRIVACY ACT," Title 5 U.S.C.A., § 552a(e)(5), (g)(1), and (g)(4) against the above named defendants for failing to maintain accurate and correct records in his "Immigration & Prison files," and § 552a(d) and (g)(1)(A), for failing to amend the inaccurate files after plaintiff had requested that these files be corrected. Plaintiff seeks "declaratory and injunctive relief" pursuant to 28 U.S.C.A. §§ 2201 & 2202.

    Plaintiff asserts that defendants U.S. Department of Homeland Security, U.S. Immigration & Customs Enforcement" and the Federal Bureau of Prisons have contained in their files incorrect and inaccurate information which states that plaintiff

RECEIVED
JUN 18 2008
Clerk, U.S. District and
Bankruptcy Courts

1

is a "deportable alien, subject to deportation.

**STATEMENT OF FACTS**

1.  Plaintiff asserts that on September 22, 1931, plaintiff's mother, Lilia Perez Ochoa was born a U.S. citizen, deriving her citizenship from her (See Plaintiff's Exhibit A,) parents. Plaintiff's mother received her **"Certificate of Citizenship"** on March 6, 1959.

2.  Plaintiff asserts that both his parents have lived in the United States of America since March 6, 1959; plaintiff's father was a lawful permanent residence.

3.  On November 2, 1965, plaintiff was born in Mexico, and at on April 8, 1983, at the age of seventeen (17) years, came to the United States of America as a **"Lawful Permanent Resident"** (See Plaintiff's Exhibit B) and has remained in the United States of America since that date.

4.  On November 16, 2006, plaintiff was convicted of "Conspiracy to Possess with intent to Distribute more than five (5) Kilograms of cocaine in the U.S. District Court for the District of Texas. Based on this conviction, the "U.S. Immigration & Customs Enforcement Agency," has placed a detainer against plaitiff stating that he is a deportable (See Plaintiff's Exhibit C) alien.

5.  Plaintiff asserts that he has notified the defendants that he is a U.S. citizen and that their records are incorrect,

-2-

and that the detainer which they have placed against plaintiff should be removed. Plaintiff asserts that the defendants have failed to correct or amend their records to reflect that plaintiff is a U.S. Citizen who has derived his citizenship from his mother based on the fact that she was born a U.S. Citizen.

## ARGUMENT

### ONE PARENT IS CITIZEN AND ONE PARENT IS NONCITIZEN; PRIOR RESIDENCE--RETENTION REQUIREMENTS

With the passage of the "Immigration Nationality Act, Congress provided that children born during the period of validity of the 1940 Act could retain their U.S. citizenship by complying with the retention requirements of the "INA." "Immigration Nationality Act, § 301(c), 8 U.S.C.A. § 1401(c) as originally enacted by Act of June 27, 1952. Thus the child would still be a U.S. citizen provided he or she entered the United States before attaining the age of 23 and immediately following that entry was continuously physically present in the United States for five years between the ages of 14 and 28 (See INA § 301(b), 8 U.S.C.A. § 1401(b) as originally enacted by Act of June 27, 1952). the person was therefore required to start the five-year of continuous residence sometime after his or her fourteenth birthday and before the twenty-third birthday. INA § 301(b), 8 U.S.C.A. § 1401(b).

In 1957, Congress amended this section to provide that the continuous physical presence required to comply with the

retention requirement would not be broken by absences that added together together total less than twelve months during the five years. Section 16, Act of September 11, 1957, Pub.L. 85-316, 71 Stat. 644.

In 1972, Congress once again relaxed the conditions; under the 1972 provisions, children could comply with the retention requirements by being continuously present in the United States for a period of two years between the ages of 14 and 28 (INA § 301(b), 8 U.S.C.A. §1401(b) as amended by section 1, Act of Oct. 27, 1972). According to the State Department interpretation the two years had to be completed before the twenty-eighth birthday. See 7 FAM 133.5-7(c)(persons who had not started residing in the United States before their twenty-sixth birthday are ineligible to comply with the requirement). Absences of less than 60 days would not break the continuity of the physical presence. INA § 301(b), 8 U.S.C.A. § 1401(b) as amended by sec. 1, Act of Oct. 27, 1972.

Persons who came to the United States before October 27, 1972 were allowed by the amendment to choose either to comply with the two-year provision of the amendment, or to comply with the original five-year requirement immediately following the coming into the United States. INA § 301(d), 8 U.S.C.A. § 1401(d) as added by sec. 3, Act of Oct. 27, 1972.

Under the 1940 Act, a parent satisfied the prior residence

-4-

requirement by residing in the United States or its outlying possession for the required period prior to the birth of the child. See Sec. 201(c),(d),(e), (g), Nationality Act of 1940. Similarly, the child satisfied the retention requirements by residing for the required amount of time in the United States or in its outlying possessions.

The principle that residence in an outlying possession counts toward prior residence of the parent applies even to determination of U.S. Citizenship of children born in an outlying possession. Thus, if the U.S. citizen parent had resided in the United States or an outlying possession of the United States, the child would be a U.S. citizen at birth. Sec. 201(e), Nationality Act of 1940. There are no retention requirements for children born in outlying possessions.

Plaintiff asserts that his mother had resided in the United States since her birth and before plaintiff was born and her place of general abode was in the United States of America, therefore, when plaintiff was born, he was automatically a U.S. citizen, as well as when plaintiff met the requirements of resideing in the United States and becoming a lawful permanent residence at the age of seventeen.

Plaintiff asserts that based on this inaccurate, incorrect and erroneous information contained in his "Immigration & Prison files," plaintiff has been classified as an "alien" when he is in fact a United States Citizen.

The Privacy Act requires that each agency keeping a system of records must maintain those records with "such accuracy, relevance, timeliness, and completeness as is reasonably necessary" to assure fairness to an individual. 5 U.S.C. § 552a(e)(5). If an agency willfully or intentionally fails to maintain records in such a manner and, as a result, makes a determination adverse to an individual, it will be liable to that person for money damages. 5 U.S.C. §§ 552a(g)(1)(C) and (g)(4).

Plaintiff asserts that this inaccurate, incorrect and erroneous information has been used adversely against plaintiff by the herein named defendants by classifying plaintiff as a "Deportable Alien," subject to deportation and placing a detainer against plaintiff which denies him the benefits of being a United States citizen while he is incarcerated, such as job placement; denying plaintiff the right to a halfway house placement, or even being allowed to transfer to a camp.

Because the challenging information in plaintiff's "Immigration & Prison files was capable of being verified, the defendants named herein did not satisfy the requirements of the Privacy Act, and therefore, plaintiff has been adversely affected and is continuously being adversely affected by this inaccurate, incorrect and erroneous information that remains in his files.

-6-

WHEREFORE, in light of the aforementioned, plaintiff moves this honorable court to issue a "Preliminary Injunction" against these defendants "enjoining them, their officers, agents and employees" from classifying plaintiff as a "deportable alien," and denying plaintiff his U.S. citizenship rights, and privileges, and that this Court further orders these defendants to "immediately remove the detainer which they have filed and placed against him," and that the court enters a "Declaratory Judgment" against these defendants, declaring that they have "willfully and intentionally failed to maintain accurate and correct records on plaintiff pursuant to sections (e)(5) and (g)(1)(C) of the Privacy Act, and based on their actions that they are liable to plaintiff for money damages, and that each defendant award plaintiff the sum of $1.5 million dollars in punitive damages.

Subscribed to and Sworn before me this 3rd day of June 2008.

_____
Rita C. Williams
Notary Public

Respectfully Submitted,

_____
Jose Luis OCHOA
Reg. No. 64218-179
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

-7-

# THE UNITED STATES OF AMERICA

No. AA106471

CIS Registration No. A011370463

Personal description of holder as of date of issuance of this certificate: Sex FEMALE; date of birth September 22, 1931; country of birth MEXICO; complexion ****; color of eyes ****; color of hair ****; height **** feet **** inches; weight **** pounds; visible distinctive marks ****

Marital status WIDOWED

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

(Complete and true signature of holder)

Be it known that **LILIA PEREZ OCHOA** now residing at **195 QUEENS, RIO GRANDE CITY, TEXAS 78582** having applied to the Director of U.S. Citizenship and Immigration Services for replacement of a Certificate of Citizenship issued by the Director on **MARCH 6TH, 1959**, evidencing that (s)he became a citizen of the United States of America on **SEPTEMBER 22 1931** and having proved to the satisfaction of the Director that (s)he is now a citizen of the United States of America:

Now Therefore, in pursuance of the authority contained in Section 343(i) of the Immigration and Nationality Act, this Certificate of Citizenship is issued this **28TH** day of **March** **2008** and the seal of the Department of Homeland Security affixed pursuant to statute.

Seal

Director, U.S. Citizenship and Immigration Services

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

472437

DEPARTMENT OF HOMELAND SECURITY

08 1041

FILED
JUN 18 2008
Clerk, U.S. District and Bankruptcy Courts

BP-S394.058 **DETAINER ACTION LETTER** CDFRM
MAR 03
**U.S. DEPARTMENT OF JUSTICE**                                    FEDERAL BUREAU OF PRISONS

| To<br>U.S Immigration and Customs Enforcement<br>ATTN; Detainers/investigations<br>140 Centrewest Ct., Ste. 100<br>Cary, NC 27513 | Institution:<br>Rivers Correctional Institution<br>145 Parker's Fishery Road<br>Winton, North Carolina 27986 |
| --- | --- |
| | Date July 25, 2007 |

| Case/Dkt<br>A# 38 09 9842 | Inmate's Name<br>OCHOA, JOSE LUIS | Fed Reg No.<br>64218-179 | DOB/SEX/RACE<br>11-02-1965   M/W/HISP |
| --- | --- | --- | --- |
| Aliases: Jose Perez Ochoa     Jose Perez<br>Jose Luis Perez-Ochoa | | Other No. FBI# 746432MC8 | |

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report: Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so.

☒ A detainer has been filed against this subject in your favor charging: **POSSIBLE DEPORTATION - MEXICO.** Release is tentatively scheduled for: **06-04-2013** , however, we will notify you no later than **60 days** prior to actual release. To check on an inmate's location, you may call our National Locator Center at: 202-307-3126 or check our BOP Inmate locator Website at www.bop.gov.

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of_. Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____

☐ I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____ . If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐ Other:

☒ CC:

U.S IMMIGRATION AND CUSTOMS ENFORCEMENT
ATTN; DETAINERS/INVESTIGATIONS
101 WEST PARKWAY
CHICAGO, IL 60604


Sincerely,

*John White /CM*
John White,
Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section 1); Copy - Correctional Services Department

(This form may be replicated via WP)                                    (Replaces BP-394(58) dtd FEB 1994)

**U.S. Department of Justice**

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

Subject ID : 264244059
Event No: CHI0707002246
File No. A038 099 842
Date: July 24, 2007

To: (Name and title of institution)
RIVERS FEDERAL C.I.
PO BOX 840
WINTON, NC 27986

From: (INS office address)
CHICAGO, IL, DOCKET CONTROL OFFICE
DOCKET CONTROL OFFICE CHICAGO
CHICAGO, IL

Name of alien: OCHOA-PEREZ, Jose Luis AKA:
BOP#: 64218-179

Date of birth: 11/02/1965   Nationality: MEXICO   Sex: M

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling __800-748-5602__ during business hours or __800-748-5602__ after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to _____ (Area code and facsimile number)

Return fax to the attention of _____ (Name of INS officer handling case), at _____ (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____

PERLA TELLEZ GIRON
(Signature of INS official)

Immigration Enforcement Agent
(Title of INS official)

Receipt acknowledged:

Date of latest conviction: __11-16-06__   Latest conviction charge: Consp. to PWITD more than 5 kilograms of cocaine
Estimated release date: __6-4-2013__
Signature and title of official: Cheryl Harrell-Records Clerk   JUL 25 2007

Form I-247 (Rev. 4-1-97)N



COPY

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

JOSE L. OCHOA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PA)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

#64218-179

## DEFENDANTS

U.S. DEPT. OF HOMELAND SECURITY, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

Case: 1:08-cv-01041
Assigned To : Sullivan, Emmet G.
Assign. Date : 6/18/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
■ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
■ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(5)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 PA

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE ____   SIGNATURE OF ATTORNEY OF RECORD _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.